## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**H&E EQUIPMENT SERVICES, INC.**                    **CIVIL ACTION**

**VERSUS**                                          **NO. 22-103-SDD-RLB**

**KEVIN HARLEY**

### ORDER

Before the Court is Plaintiff's Motion for Expedited Discovery. (R. Doc. 3). The Court

set the deadline for Plaintiff to respond to the instant motion seven (7) days after Defendant

makes his first appearance in this action. (R. Doc. 21).[1] No opposition has been filed in the

record. Accordingly, the instant Motion is unopposed.

On February 10, 2022, H&E Equipment Services, Inc. ("Plaintiff" or "H&E")

commenced this action asserting, among other things, that its former employee Kevin Harley

("Defendant" or "Harley") violated the parties' Non-Competition Agreement. (R. Doc. 1). H&E

alleges that Harley tendered his resignation on February 4, 2022, but prior to the end of the day

"sent multiple screenshots and work emails containing confidential and proprietary H&E

information to Harley's personal email addresses." (R. Doc. 1 at 4). H&E raises claims for

violation of the Louisiana Uniform Trade Secrets Act ("LUSTA"), breach of contract, violation

of the Defend Trade Secrets Act, 18 U.S.C. § 1836, and violation of the Computer Fraud and

Abuse Act, 18 U.S.C. § 1030.

---

[1] The Order setting the deadline to respond to this motion was filed as a Notice into the record on March 5, 2022, and was sent to Harley, at the address where he was served, by certified mail. (R. Doc. 21). Defense counsel enrolled in this action on March 11, 2022. (R. Doc. 26). The copy of the Order sent to Harley was returned as unclaimed. (R. Doc. 31). The record is clear, however, that Harley had seven days from his first appearance in this action (i.e., the filing of the Answer) to oppose the instant motion.

On the same day H&E filed the Complaint, it also filed its Motion for Temporary Restraining Order (R. Doc. 2), Motion for Discovery on Expedited Basis (R. Doc. 3), and Motion for Expedited Consideration (R. Doc. 4).

On February 15, 2022, the district judge held a telephone conference at which counsel for H&E participated, and set a Preliminary Injunction Hearing on March 2, 2022. (R. Doc. 12). Based on this date, the Court granted H&E's Motion for Expedited Consideration, and ordered Harley to file an opposition to the instant Motion on an expedited basis. (R. Doc. 14).

The district judge has since issued a temporary restraining order ("TRO"), which, with the consent of the parties, has been extended through the date of the hearing on H&E's Motion for Preliminary Injunction. (R. Doc. 16; R. Doc. 23; R. Doc. 30; *see* R. Doc. 29). The TRO specifically orders the following injunctive relief:

> [P]ending the determination of H&E's request for preliminary injunction, Defendant, and anyone acting in concert with him, is hereby enjoined:
>
> a. from directly or indirectly possessing, utilizing, disclosing, and/or transmitting to anyone any of H&E's business information, including, but not limited to, customer lists and files and financial data, transactional histories, performance data, inventories, equipment sales reports, and the like;
>
> b. from destroying, altering, erasing, secreting, failing to preserve or otherwise making unavailable for further proceedings in this matter any and all of H&E's business materials, property, information, customer lists and files, confidential information, and/or trade secrets, and/or any other records or documents that may be relevant to this lawsuit, wherever located, and in whatever form, including but not limited to any document, envelope, invoice, e-mail, database, report, software file, electronic data, tangible evidence, financial records, and any and all communications between or among Defendant and any other person with regard to the foregoing; and
>
> c. to return any and all records or information of H&E currently in his possession, custody, or control or that at one time was in his possession, custody or control, but was transmitted to another person or entity, including, but not limited to, any and all information contained from such records.

2

(R. Doc. 16 at 13-14). The district judge also continued the Preliminary Injunction Hearing until after Harley has made an appearance. (R. Doc. 20).[2] Given the foregoing, the Court extended the deadline to oppose the instant Motion for Expedited Discovery to seven days after Harley made his first appearance. (R. Doc. 21).

On April 4, 2022, after obtaining an extension, Harley timely filed an Answer. (R. Doc. 32; *see* R. Doc. 28). Harley did not, however, timely file any opposition to the instant Motion for Expedited Discovery.

H&E seeks expedited discovery "(1) to determine the extent of Defendant's misappropriation (including the persons to whom Defendant might have disseminated H&E's confidential information), and (2) to prepare for the preliminary-injunction hearing." (R. Doc. 3-1 at 6). H&E specifically seeks to serve five requests for production and five interrogatories. (R. Doc. 3-2). These discovery requests seek, among other things, inspection of Harley's electronic devices, production of any confidential information obtained from H&E, production of communications regarding any such confidential information, and the identity of Harley's new employer, if any, and any third parties to whom any confidential information was sent:

REQUEST FOR PRODUCTION NO. 1:
Please make available for inspection any and all computers, servers, computer hard drives, thumb drives, smart phones, or like devices capable of storing electronic data that are in Your possession, custody, or control and that You have used at any time in the last twelve (12) months.

REQUEST FOR PRODUCTION NO. 2:
Please produce the original and all copies of any of H&E's client and/or customer information received and/or obtained by You.

REQUEST FOR PRODUCTION NO. 3:
Please produce any and all Documents and Communications reflecting in any way the communication by You of H&E's confidential information to any third party.

---

[2] The date of the preliminary injunction hearing has not been reset.

REQUEST FOR PRODUCTION NO. 4:
Please produce all Documents and anything else You took from H&E when You departed on February 4, 2022.

REQUEST FOR PRODUCTION NO. 5:
Please produce a copy of any and all exhibits You may present or use in any way at the hearing on H&E's motion for preliminary injunction.

INTERROGATORY NO. 1:
Please Identify the employer for which You are going to work following Your resignation from H&E.

INTERROGATORY NO. 2:
Except for information and/or Documents provided to customers or prospective customers of H&E as part of Your employment with H&E, please Identify each Person to whom You have sent any information or Documents taken or obtained from H&E at any time in the last twelve (12) months, and for each such Person describe the information that You sent (including by Identifying any Document(s) sent to each such Person).

INTERROGATORY NO. 3:
Please Identify any and all Documents deleted or destroyed by You, and for any such Documents, specify the date(s) on which You deleted or destroyed each Document and all reasons for which You deleted or destroyed each Document.

INTERROGATORY NO. 4:
Please explain in full the reason(s) for which You sent the Top 30 Customer List, the February 2022 PEC List, and the Screenshots (as those terms are defined in the Complaint) to kevin.harley2@icloud.com and/or kharley1az@yahoo.com.

INTERROGATORY NO. 5:
Please Identify each Person You may call as a witness during the hearing on H&E's motion for preliminary injunction, and for each such Person set forth the substance of his or her expected and/or potential testimony.

(R. Doc. 3-2 at 4-5). H&E requests that Harley be required to respond to these discovery requests

within fourteen (14) days of their service. (R. Doc. 3 at 2).

## II.    Law and Analysis

### A.    Legal Standards

Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the

parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial

disclosure under Rule 26(a)(1)(B) or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Expedited discovery is not the norm. *ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D. 58, 61 (M.D. La. 2016).

"Although the Fifth Circuit has not explicitly adopted a standard to determine whether a party is entitled to expedited discovery, several district courts within the Fifth Circuit . . .have expressly utilized the 'good cause' standard when addressing the issue." *ELargo Holdings*, 318 F.R.D. at 61 (citing cases). "The good cause analysis takes into consideration such factors as the breadth of the discovery requests, the purpose for requesting expedited discovery, the burden on the defendants to comply with the requests, and how far in advance of the typical discovery process the request was made." *Id*. (citing *BKGTH Prods., LLC, v. Does 1-20*, No. 13-5310, 2013 WL 5507297, at *4 (E.D. La. Sept. 30, 2014)).

The "good cause" analysis requires a court to examine the discovery requests "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *BKGTH Prods., LLC*, 2013 WL 5507297 at *5 (quoting *St. Louis Group, Inc. v. Metals and Additives Corp., Inc., et al.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011). "[G]ood cause typically exists where 'the need for expedited discovery outweighs the prejudice to the responding party.'" *BKGTH Prods., LLC*, 2013 WL 5507297 at *5 (quoting *St. Louis Group*, 275 F.R.D. at 239-40). "The party seeking expedited discovery has the burden of establishing good cause and the scope of the requests must be narrowly tailored to the necessary information they seek." *ELargo*, 318 F.R.D. at 61.

"In limited circumstances . . . district courts have allowed expedited discovery 'when there is some showing of irreparable harm that can be addressed by limited, expedited discovery.'" *BKGTH Prods., LLC*, 2013 WL 5507297 at *5 (quoting *St. Louis Group*, 275

F.R.D. at 204-04). "Courts also look to whether evidence would be lost or destroyed with time and whether the proposed discovery is narrowly tailored." *BKGTH Prods., LLC*, 2013 WL 5507297 at *6 (citing cases).

### B.    Analysis

Having considered the record, including the lack of any opposition, the Court finds good cause to allow limited expedited discovery, but not to the extent sought.

H&E, in part, seeks expedited discovery to "assist with ensuring that its confidential, proprietary information is not disseminated any further than Harley's personal email address." (R. Doc. 3 at 1). It is unclear why expedited discovery is necessary to accomplish that goal. The district judge has issued a TRO enjoining Harley from disseminating or destroying H&E's business information, and requiring Harley to return any H&E records or information that was transmitted to another person or entity. (R. Doc. 16 at 13-14). The TRO precludes Harley from disseminating any H&E records or information, or destroying any evidence of such records in his possession, custody, or control. Given the TRO, expedited discovery prior to a Rule 26(f) conference is unnecessary to protect H&E's interest in ensuring that additional information is not disseminated further by Harley. In short, H&E's concern that the bell cannot be "unrung" is protected by the TRO. (*See* R. Doc. 3-1 at 7).

The Court does find good cause, however, to allow H&E to conduct some limited discovery on an expedited basis in preparation for the hearing on H&E's motion for preliminary injunction and to identify the scope of any misappropriation of H&E's confidential information, as well as the identity of persons to whom Harley might have disseminated such information. Given the TRO, Harley is already under a duty to provide H&E most, if not all, of the information sought in Request for Production Nos. 2-5. Accordingly, the breadth of this sought

discovery is limited and requiring Harley to respond to these requests for production will not result in any undue burden or prejudice.

The Court similarly finds good cause to allow H&E to serve Interrogatory Nos. 1-5 on Harley. These interrogatories are narrowly tailored to identify Harley's employer after his resignation from H&E, any third parties that received H&E information and documents from Harley, any H&E information and documents that Harley has deleted or destroyed, Harley's reasons for sending H&E documents and screenshots to his email account on his last day of employment, and any individuals who Harley may call as a witness at the preliminary injunction hearing. As with Requests for Production Nos. 2-5, the breadth of these interrogatories is limited and requiring Harley to respond to these interrogatories will not result in any undue burden or prejudice.

The Court finds, however, that Request for Production No. 1 – which seeks unlimited inspection of all electronic devices used by Harley within the past twelve months – is too broad and invasive in the context of expedited discovery in the absence of a Rule 26(f) conference. To be clear, Harley is already under a duty to return and preserve any H&E information in his possession, custody, and control. (R. Doc. 16 at 13-14). Allowing H&E to conduct a forensic inspection of all electronic devices used by Harley within the past twelve months would be unduly burdensome at this point of the proceeding. H&E may seek this discovery at the appropriate time if merited.

## III.   Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Expedited Discovery (R. Doc. 3) is **GRANTED IN PART and DENIED IN PART**. Plaintiff may serve its First Set of Discovery

Requests to Defendant prior to any Rule 26(f) conference. Defendant must respond to the discovery requests, with the exception of Request for Production No. 1, within **14 days** of service. Request for Production No. 1 shall be treated as an early Rule 34 Request in accordance with Rule 26(d)(2) of the Federal Rules of Civil Procedure.

      Signed in Baton Rouge, Louisiana, on May 3, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**